IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **ROBERT WHITE,** : | |
| : | |
| Plaintiff, : | CIVIL ACTION FILE |
| : | NO. _____ |
| v. : | |
| : | |
| **PGH ENTERPRISES, INC. d/b/a** : | |
| **ROSWELL AUTO CENTER AND** : | |
| **PHILLIP G. HUGHES,** : | |
| : | |
| Defendants. : | |
| _____ : | |

**COMPLAINT FOR UNPAID OVERTIME WAGES,
LIQUIDATED DAMAGES AND REASONABLE
ATTORNEY'S FEES AND EXPENSES OF LITIGATION**

COMES NOW PLAINTIFF ROBERT WHITE, and asserts his claims against Defendants PGH ENTERPRISES, INC. d/b/a ROSWELL AUTO CENTER ("RAC") and PHILLIP G. HUGHES ("Hughes") (collectively "Defendants") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and expenses, showing this Honorable Court as follows:

## JURISDICTION AND VENUE

1.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331. This Court also has jurisdiction pursuant to 29 U.S.C. § 201 *et seq.*, the Fair Labor Standards Act ("FLSA"), and 28 U.S.C. § 1367.

2.

Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district as the Defendants reside herein, and a substantial part of the events or omissions giving rise to the claims described herein occurred in this judicial district.

## PARTIES

3.

Plaintiff Robert White ("Mr. White") is an individual who was formerly employed by Defendants RAC and HUGHES as an automobile service technician. At all material times, Mr. White was an "employee" of Defendants as that term is defined at 29 U.S.C. §203(e)(1). During his employment, Defendants failed to pay Mr. White a premium of at least one and one-half times his regular rate of pay for each hour he worked over 40 hours in a given workweek.

4.

Defendant RAC is subject to the jurisdiction of this Court. At all relevant times, Defendant RAC has been an "employer" within the meaning of the FLSA,

29 U.S.C. § 203(d).  Defendant RAC may be served with process upon its Registered Agent, Phillip G. Hughes, 10705 Houze Road, Roswell, Georgia 30076, or wherever he may be found.

5.

Defendant PHILLIP G. HUGES is subject to the jurisdiction of this Court. At all relevant times, Defendant Hughes was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).  At all relevant times, Hughes directly supervised Mr. White and was involved in the day-to-day operation of RAC.  Hughes may be served with process at 10705 Houze Road, Roswell, Georgia 30076, or wherever he may be found.

6.

At all material times during his employment, Mr. White was engaged in commerce as Defendants' employee in that he handled automotive goods, equipment and supplies which were used and transported in interstate commerce.

7.

At all material times during Plaintiff's employment, Defendants were an enterprise engaged in engaged in commerce or in the production of goods for commerce, having handled automotive goods, equipment and supplies which were used and transported in interstate commerce.

8.

At all material times during since 2015, Defendants had two more employees engaged in commerce.

9.

Since 2015, Defendants had two or more employees handling, selling or otherwise working on goods, automotive equipment or related materials that have been moved and produced for commerce by any person.

10.

During each year since 2015, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. §203(s)(1).

11.

At all times material hereto, Mr. White was not exempt from the overtime pay requirements of the FLSA.

## FACTS

12.

Between approximately February 8, 2017 and October 24, 2018, Mr. White was employed as an automobile service technician for Defendants. He began his employment earning approximately $11 per hour, but shortly thereafter received a raise to approximately $16 per hour.

13.

As an employee of Defendants, Mr. White reported to and was directly supervised and paid by Defendant Hughes.

14.

As an employee of Defendants, Mr. White frequently worked in excess of 40 hours per workweek, and was paid bi-weekly for his services.

15.

Defendants did not pay Mr. White one and one-half times his regular rate of pay for each hour worked over 40 hours during any given workweek.

16.

Defendants failed to properly compensate Mr. White for all overtime hours worked at a rate of one and one-half times his regular rate of pay.

17.

On or about October 24, 2018, Mr. White complained to Defendant RAC that he was not being properly compensated for overtime hours worked.

18.

Mr. White's complaint resulted in an argument with RAC's supervisor, which ultimately resulted in Mr. White's termination from employment on October 24, 2018.

## COUNT I

## VIOLATION OF SECTION 207 OF THE FLSA
## (UNPAID OVERTIME WAGES)

19.

Plaintiff restates the allegations contained in Paragraphs 1-18 of his Complaint as is fully set forth.

20.

At all material times, Mr. White was a non-exempt employee of Defendants.

21.

Mr. White regularly worked more than 40 hours in many workweek for Defendants, but Defendants failed to properly compensate him at a rate of at least one and one half times his regular rate of pay for each hour worked in excess of 40 hours in every workweek.

22.

Defendants knew or should have known that the FLSA applied to Mr. White, and that they had a duty to ensure they paid Mr. White at least one and one-half times his regular rate of pay for each hour he worked over 40 in a given workweek.

23.

Defendants willfully failed to properly compensate Mr. White for the hours he worked in excess of 40 hours each workweek.

24.

As a result of Defendants' willful failure, Mr. White is entitled to an award of back pay in the amount of one and one half times his regular rate of pay for each uncompensated hour he worked over 40 in any given workweek for which Defendants did not compensate him at the statutory rate.

25.

Said willful violations give rise to a claim for liquidated damages in an amount equal to the unpaid compensation, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT II

### VIOLATION OF 29 U.S.C. §215(a)(3) (UNLAWFUL RETALIATION)

26.

Plaintiff restates the allegations contained in Paragraphs 1-25 of his Complaint as is fully set forth.

27.

On or about October 24, 2018, Mr. White complained to Defendant RAC that he was not being properly compensated overtime wages.

28.

Mr. White's complaint lead to an argument with RAC's supervisor which ultimately resulted in Mr. White's termination from employment on October 24, 2018.

29.

Mr. White's complaint to Defendants about its failure to properly pay him overtime wages constituted protected speech.

30.

A causal connection existed between Mr. White's protected speech and Defendants' decision to terminate his employment.

31.

Defendants' decision to terminate Mr. White's employment constitutes unlawful retaliation in violation of 29 U.S.C. § 215(a)(3).

32.

Mr. White has suffered damages as a result of Defendants' actions.

**WHEREFORE**, Plaintiff requests:

(a) that his Complaint be read and considered;

(b) that service of process issue against Defendants RAC and HUGHES as authorized by law;

(c)     that the Court declare that Defendants have violated Plaintiff's rights under the overtime wage and anti-retaliation provisions of the FLSA;

(d)     that the Court award Plaintiff the value of his unpaid overtime wages;

(e)     that the Court award Plaintiff liquidated damages as authorized by the FLSA;

(f)     that the Court award Plaintiff compensatory damages for Defendants' unlawful retaliation;

(g)     that the Court award Plaintiff his expenses of litigation, including his reasonably-incurred attorney's fees as authorized by the FLSA;

(h)     that the Court permanently enjoin Defendants from further violations of the FLSA's anti-retaliation provision;

(i)     that the Court order Plaintiff be reinstated to his former position(s), or in the alternative, that he be awarded front-pay; and

(j)     that the Court award such other further relief this Court deems just, equitable and proper.

Respectfully submitted,

*/s/ Dean R. Fuchs*
DEAN R. FUCHS
Georgia Bar No. 279170
Attorney for Plaintiff

S<small>CHULTEN</small> W<small>ARD</small> T<small>URNER</small> & W<small>EISS</small>, LLP
260 Peachtree Street, N.W.
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-680 facsimile
d.fuchs@swtwlaw.com